United States District Court
Southern District of Texas
**ENTERED**
January 18, 2023
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| SHANNON L. GREEN, <br> Plaintiff, <br> <br> VS. <br> <br> M&T BANK, <br> Defendant. | § <br> § <br> § <br> § <br> §    CIVIL ACTION NO. 4:20-CV-4318 <br> § <br> § <br> § <br> § |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Defendant M&T Bank's Motion for Summary Judgment. (Dkt. 20). After carefully reviewing the motion, summary judgment record as a whole, and the applicable law, the Court finds that Defendant's motion should be **GRANTED.** Plaintiff Shannon Green's claims are **DISMISSED WITH PREJUDICE**.

## FACTUAL BACKGROUND

In November 2016, Green secured a note and deed of trust from Prospect Mortgage in the amount of $148,117 against real property located in Humble, Texas. In September 2017, Defendant M&T Bank became the mortgage servicer for Green's loan—which, at the time, was not in default.

Two and a half years later, Green sent M&T Bank a Notice of Dispute pursuant to 15 U.S.C. § 1692 (*i.e.*, the Fair Debt Collection Practices Act, or "FDCPA"), in which he claimed that M&T Bank was in breach of an unspecified agreement. M&T Bank responded less than a month later. Green then sent a nearly identical dispute letter, to which M&T Bank responded with an updated payment history. Green then filed a complaint with the Consumer Financial Protection Bureau ("CFPB"). M&T Bank responded to that complaint as well. Green then sent M&T Bank another dispute letter and filed two additional CFPB complaints; M&T Bank responded each time. Finally, Green sent M&T Bank a "Notice of Default and Opportunity to Cure." M&T Bank responded with a detailed history of their communications with Green over the prior eight months.

Green filed a lawsuit in federal court, alleging that M&T Bank violated five provisions of the FDCPA (and two purported FDCPA provisions that do not exist). M&T Bank filed a motion for summary judgment; Green did not respond. The Court now considers M&T Bank's motion.

## LEGAL STANDARD

**Federal Rule of Civil Procedure 56(a)**

Summary judgment is proper when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A dispute about a material fact is "genuine" if the evidence, taken as a

whole, could lead a rational trier of fact to find for the nonmoving party. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). "Summary judgment reinforces the purpose of the Rules, to achieve the just, speedy, and inexpensive determination of actions, and, when appropriate, affords a merciful end to litigation that would otherwise be lengthy and expensive." *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1197 (5th Cir. 1986).

A summary judgment movant who does not bear the burden of persuasion at trial can satisfy its initial burden on the motion by pointing to the non-movant's lack of evidence to support an essential element of its claim or defense. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). If the movant carries that initial burden, the burden shifts to the party opposing the motion to present competent summary judgment evidence showing the existence of a genuine fact dispute. *See Matsushita*, 475 U.S. at 586-87. "[T]he nonmoving party cannot survive a summary judgment motion by resting on the mere allegations of [her] pleadings." *Duffie v. United States*, 600 F.3d 362, 371 (5th Cir. 2010). Rather, the nonmoving party must "go beyond the pleadings" and submit competent summary judgment evidence "showing that there is a genuine issue for trial." *Adams v. Travelers Indem. Co. of Conn.*, 465 F.3d 156, 164 (5th Cir. 2006) (internal quotation marks and citation omitted). *See also Matsushita*, 475 U.S. at 586 (To avoid summary judgment, the non-movant must

"do more than simply show that there is some metaphysical doubt as to the material facts.").

## ANALYSIS

M&T Bank argues that summary judgment is warranted because it is not a "debt collector" as defined under the FDCPA, and thus cannot be sued under the FDCPA. Green did not respond to M&T Bank's argument. The Court agrees with M&T Bank's interpretation of the FDCPA.

The FDCPA expressly excludes, from the statutory definition of a "debt collector," "any person collecting or attempting to collect any debt owed or due or asserted to be owed or due another to the extent such activity . . . concerns a debt which was not in default at the time it was obtained by such person." 15 U.S.C. § 1692a(6)(F)(iii). *See Perry v. Steward Title Co.*, 756 F.2d 1197, 1208 (5th Cir. 1985) ("The legislative history of Section 1692a(6) indicates conclusively that a debt collector does not include the consumer's creditors, *a mortgage servicing company*, or an assignee of a debt, as long as the debt was not in default at the time it was assigned.") (emphasis added).

The summary judgment evidence shows that Green's loan was not in default in September 2017, when M&T Bank began servicing the loan. (Dkt. 20-4 at 16-17). Thus, (1) M&T Bank is not a "debt collector" under the FDCPA, and (2) Green's

claims under the FDCPA—the only claims raised in Green's complaint—fail as a matter of law.

## CONCLUSION

M&T Bank's motion for summary judgment should be **GRANTED.** Green's claims are **DISMISSED WITH PREJUDICE**.

SIGNED at Houston, Texas on January 18, 2023.

_____
GEORGE C. HANKS, JR.
UNITED STATES DISTRICT JUDGE